1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRIAM ZAYAS,

                                    Plaintiff,

        v.

BOLESHA JOHNSON,

                                    Defendants.

Case No. 3:23-cv-05165-BHS

REPORT AND
RECOMMENDATION

NOTED FOR JUNE 30, 2023

11    This matter is before the Court on plaintiff's response to the Court's order to

12 show cause. Dkt. 4. Plaintiff is unrepresented by counsel and seeks *in forma pauperis*

13 status in this matter. Considering that plaintiff failed to cure the deficiencies the Court

14 identified in its order to show cause (Dkt. 3), the Court should deny plaintiff's motion to

15 proceed *in forma pauperis* and dismiss this action without prejudice.

16                                    DISCUSSION

17    Plaintiff asserts that Defendant Johnson, as a Regional Supervisor with an

18 agency of the State of Washington, has acted, or omitted to act, concerning supervision,

19 training, and policies, of the Washington State Department of Children, Youth, and

20 Families. Dkt. 1-1 (Proposed Complaint), at 2, 3. Plaintiff states that Defendant Johnson

21 has been "stalking" her and her children for more than fifteen years and "removed"

22 plaintiff's children from her without "probable cause". Dkt. 4 at 2.

23
24
25

REPORT AND RECOMMENDATION - 1

With respect to her racial discrimination claim against Defendant Johnson, plaintiff lists cases in Washington State court in which Defendant Johnson allegedly "intentionally targeted sibling sets." Dkt. 4 at 8.

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

The Court construes the pleadings of a pro se litigant liberally. *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). This does not excuse an unrepresented individual from meeting the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1107-1108 (9th

Cir. 2000). The Court may take judicial notice of court records that are in its own docket. *See, Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018); *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).

In its order to show cause, the Court explained that, on the face of the complaint, plaintiff is alleging some of the same claims against Defendant Bolesha Johnson, an official with the Washington State Department of Children, Youth, and Families, as she brought against other Washington State employees – Shea Hopfauf and Jamia McRae - - in a previous lawsuit. *See* Case No. C20-981-JLR-TLF, Dkt. 32, Fifth Amended Complaint. That case was dismissed with prejudice for failure to state a claim. Dkt. 57 (Report and Recommendation), Dkt. 60 (Order adopting in part the Report and Recommendation); Dkt. 62 (Order Dismissing Fifth Amended Complaint with Prejudice and Without Leave to Amend).

Under *res judicata,* a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action. *Allen v. McCurry,* 449 U.S. 90, 94 (1980). The doctrine of *res judicata* bars a party from re-filing a case where three elements are met: (1) identify of claims; (2) final judgment on the merits; and (3) identity or privity between parties. *Frank v. United Airlines, Inc.,* 216 F.3d 845, 850 (9th Cir. 2000). Yet if a claim arises after the date of an earlier judgment, it would not be barred – "even if it arises out of a continuing course of conduct that provided the basis for the earlier claim." *Id.* (citing *Lawlor v. Nat'l Screen Serv. Corp.,* 349 U.S. 322, 328 (1955).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and

(2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Plaintiff must set forth the specific factual bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1982).

Plaintiff was given the opportunity to explain why the allegations in this complaint, to the extent they are pre-October 12, 2021 allegations against Defendant Johnson in her individual capacity, should not be subject to dismissal on the basis of res judicata, because the same claims were presented or could have been presented in the previous litigation -- in Myriam Zayas v. Shea Hopfauf, and Jamia McRea, Case No. C20-981-JLR-TLF, Dkt. 32, 62, 63. Plaintiff was also provided the opportunity to explain if any of her allegations were related to post-October 12, 2021 allegations. Plaintiff's response to the Court's order to show cause does not address these issues. Thus, plaintiff's complaint should be dismissed without prejudice.

## CONCLUSION

Because plaintiff failed to address the deficiencies raised by the Court in its order to show cause, the Court recommends that the Complaint be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

directed to set the matter for consideration on June 30, 2023, as noted in the caption.

Dated this 9th day of June, 2023.

Theresa L. Fricke
United States Magistrate Judge